**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Action No.:**

**YUSUF PAIGE,**

    **Plaintiff,**

**v.**

**SECOND ROUND LIMITED PARTNERSHIP,**

    **Defendant.**

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**VENUE**

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant has a registered agent, Colorado Manager, Inc., located at 80 Garden Center, Suite 3, Broomfield, CO 80020.

## PARTIES

7. Plaintiff Yusuf Paige is a natural person who resides in the City of Henderson, County of Adams, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Second Round, L.P. (hereinafter "Defendant") is a Texas Limited Partnership operating from an address of 4150 Friedrich Lane, Ste. 1, Austin, TX 78744 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. On May 3, 2012 Plaintiff filed a voluntary Chapter 7 Bankruptcy case in the District of Colorado, which was assigned case number 12-19120-HRT.

10. On August 30, 2012 Express Check Advance LLC was noticed at their mailing address of 5959 Shallowford Rd., Suite 405, Chattanooga TN of Plaintiff's bankruptcy filing.

11. On September 11, 2012 Express Check Advance LLC was noticed of Plaintiff's bankruptcy filing at their principal street address of 2034 Hamilton Place Blvd, Suite 100, Chattanooga, TN 47421.

12. In October 2012 Defendant called Plaintiff's cell phone trying to collect a debt for Express Check Advance.

13. Plaintiff informed Defendant that he previously filed bankruptcy in the District of Colorado and to please stop contact him.

14. On October 26, 2012 Defendant mailed to Plaintiff a letter stating that if he pays $180 his account will be settled and he would have no further obligation on the account.

15. In November 2012 Defendant again called Plaintiff. Plaintiff once again informed Defendant that he filed bankruptcy and to please stop contacting him.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

16. Plaintiff is an individual consumer as that term is defined in the FDCPA.

17. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) because it regularly attempts to collect debts allegedly due another through the U.S. Mails and telephones.

18. The debt that the Defendant sought to collect from Plaintiff was incurred for personal, family, and household purposes.

19. Defendant violated the FDCPA in the following ways:

    a) Violating the discharge order as set forth in 11 U.S.C. § 542(a)(2), which also violates 15 U.S.C. § 1692e(10);

    b) Intentionally and falsely misrepresenting the legal status of the debt by falsely claiming that it was Plaintiff has an obligation on the account, which violates 15 U.S.C. § 1692e(2);

    c) Threatening to take any legal action that could not be taken, in violation of 15 U.S.C. § 1692e(5);

    d) Engaging in unfair and unconscionable conduct by breaking the law which trying to collect a debt from Plaintiff, which violates 15 U.S.C. § 1692f.

20. Defendant's violations of the FDCPA caused the Plaintiff actual damages in the form of: annoyance, inconvenience, and garden variety emotional distress because the Plaintiff

feared his bankruptcy did not work and would continue to be harassed by debt collectors throughout.

21. Defendant is liable to the Plaintiff for actual damages to be determined at trial, $1,000 in statutory damages, together with reasonable attorney fees and costs.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

   a) Actual damages to be determined at trial;

   b) $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k;

   c) Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k.

Dated this 19th day of November, 2012.

RESPECTFULLY SUBMITTED:

s/Andrea C. Fulton, #43911
Gookin, Krenning and Associates, LLC
770 N. Lincoln Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: andrea@gkalaw.com

s/Jill Gookin
Gookin, Krenning and Associates, LLC
770 N. Lincoln Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com

s/Troy D. Krenning

5

          Gookin, Krenning and Associates, LLC
          770 N. Lincoln Avenue
          Loveland, CO 80537
          (970) 292-8290
          (888) 465-8045 FAX
          Email: troy@gkalaw.com